# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Joseph Anthony Reyna,** <br> *Plaintiff* | § <br> § <br> § | |
| **v.** | § <br> § <br> § | **No. 1:26-cv-01372-ABD-SH** |
| **Ken Paxton,** *in his official capacity as* <br> *Attorney General of Texas,* <br> *Defendant* | § <br> § <br> § <br> § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:  THE HONORABLE ANDREW B. DAVIS**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Motion to Proceed *In Forma Pauperis* and for Service of Process by the United States Marshals Services, filed January 5, 2026 in the United States District Court for the District of Columbia (Dkt. 2), and Motion for Leave to File Pursuant to Pre-Filing Injunction in No. 1:25-cv-01402-RP and Motion to Exempt Involuntarily Transferred Cases from the Bar, filed May 22, 2026 (Dkt. 5).[1]

Plaintiff Joseph Anthony Reyna is barred from filing complaints in this Court "without obtaining prior approval from a district or magistrate judge." *Joseph Anthony Reyna v. Block, Inc., et al.*, No. 1:25-cv-1402-RP at Dkt. 9, 2025 WL 3048972 (Oct. 30, 2025), *aff'd*, No. 25-50966, 2026 WL 1388721 (5th Cir. May 18, 2026) (per curiam). The Fifth Circuit affirmed the injunction:

> Reyna also appeals the prefiling injunction as overbroad and lacking specific fact determinations. But he does not dispute the district court's findings about his litigation conduct and the prior warnings he received. Those findings, coupled with the burdens that frivolous

---

[1] The District Court referred this case to this Magistrate Judge for disposition of the application to proceed in forma pauperis and a recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. § 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Andrew Davis. Dkt. 6.

1

> suits impose on trial courts, are sufficiently specific to sustain the prefiling injunction here. Having found no abuse of the district court's discretion in this respect, we likewise WARN Reyna that future frivolous, repetitive, or otherwise abuse filings can and will result in sanctions by this court, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings here and in any district court subject to this court's jurisdiction.

*Block*, 2026 WL 1388721, at *3 (footnote omitted).

Reyna filed this civil rights suit against Texas Attorney General Ken Paxton in the United States District Court for the District of Columbia on January 5, 2026. Dkt. 1. That court transferred it to this Court *sua sponte* on May 1, 2026. Dkt. 3. In his motion for leave to file, Reyna asks the Court to "exempt involuntarily transferred cases" from his prefiling bar or, in the alternative, review his complaint for frivolousness under 28 U.S.C. § 1915(e)(2)(B).

Transferred cases are not "exempt" from the Court's Order that Reyna must obtain permission from a district or magistrate judge before proceeding as a plaintiff in a federal lawsuit in this Court. *See* Text Order entered April 21, 2026 in *Reyna v. Fenix Int'l. Ltd.*, No. 1:26-cv-00962-RP (W.D. Tex.) (stating that the injunction against Reyna "applies to transferred cases"); *Montez v. FBI*, No. SA-23-CV-1494-JKP, 2023 WL 8813565, at *1 (W.D. Tex. Dec. 20, 2023) (holding that pre-filing injunction barring vexatious litigant "from filing civil suits in the Western District of Texas without first obtaining permission from a judge of the Western District" applied equally to transferred and removed actions). "To find otherwise would defeat the purpose of the sanction." 2023 WL 8813565, at *1. Reyna's motion to exempt transferred cases from the prefiling bar is **DENIED**.

The Court also denies Reyna permission to file this civil rights suit under 42 U.S.C. § 1983 because it is barred by the Eleventh Amendment to the U.S. Constitution. Reyna alleges that between March and November 2025, he made many requests under the Texas Public Information Act to several Texas agencies and subdivisions. Reyna alleges that he was denied access to the

2

information based on the fees associated with seeking such information, and that the lack of access to the agency information violates his constitutional rights. Reyna sues Texas Attorney General Ken Paxton in his official capacity for these alleged violations because he is "the final enforcement authority for [Texas Public Information Act ] compliance." Dkt. 1 ¶ 7.

The Eleventh Amendment codified the sovereign immunity of the states. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997). "Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Texas has not consented by statute, and § 1983 does not abrogate state sovereign immunity. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015).

Under the *Ex parte Young*[2] exception to sovereign immunity, a suit seeking only prospective injunctive relief against a state actor in his official capacity based on an alleged ongoing violation of the federal constitution is not barred. *K.P. v. LeBlanc*, 729 F.3d 427, 439 (5th Cir. 2013). The complaint "must allege that the defendant *is violating* federal law, not simply that the defendant has done so." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). Reyna's complaint does not fall under the *Ex parte Young* exception because he does not allege ongoing violations of the Texas Public Information Act.

## I.    Order

The Court **DENIES** Plaintiff's Emergency Motion for Leave to File Pursuant to Pre-Filing Injunction in No. 1:25-cv-01402-RP and Motion to Exempt Involuntarily Transferred Cases from the Bar (Dkt. 5).

---

[2] 209 U.S. 123 (1908).

## II.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court administratively close this case based on the Pre-Filing Injunction and **DISMISS as moot** Reyna's Motion to Proceed *In Forma Pauperis* and for Service of Process by the United States Marshals Services (Dkt. 2).

It is **ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Andrew Davis.

## III.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 6, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4