# United States District Court
# Western District of Texas
# Austin Division

No. 1:26-cv-01372

**Reyna,**
*Plaintiff,*
v.
**Paxton,**
*Defendant.*

## Order

After reviewing all relevant matters of record in this case, including the report and recommendation of the United States Magistrate Judge (ECF No. 8) and Plaintiff Joseph Anthony Reyna's objections, the undersigned district judge is of the opinion that the analysis and recommendation of the Magistrate Judge are correct and Reyna's objections are overruled. The Court accordingly adopts the report and analysis of the United States Magistrate Judge. In so doing, the Court administratively closes this case based on the pre-filing injunction and denies as moot all other outstanding motions (ECF No. 2).

## Analysis

Reyna timely objected to the Magistrate Judge's report and recommendation (ECF No. 11). On *de novo* review, the Court finds those objections lack merit for the reasons stated below.

### A. Pre-Filing Injunction

Reyna is barred from filing complaints in this Court "without obtaining prior approval from a district or magistrate

judge." *Reyna v. Block, Inc., et al.*, No. 1:25-cv-1402-RP, 2025 WL 3048972 (Oct. 30, 2025), *aff'd*, No. 25-50966, 2026 WL 1388721 (5th Cir. May 18, 2026) (per curiam). In January 2026, Reyna filed this suit against the Attorney General of Texas in the U.S. District Court for the District of Columbia. ECF No. 1. That court *sua sponte* transferred the case on May 1, 2026, and ECF No. 3, and Reyna asks the Court to exempt transferred cases from the bar. ECF No. 5.

But the Court had entered a text order in April 2026, which states that the pre-filing injunction against Reyna "applies to transferred cases." Text Order, *Reyna v. Fenix Int'l. Ltd.*, No. 1:26-cv-962-RP (W.D. Tex. April 21, 2026), ECF No. 8. And such pre-filing injunction bars apply to cases transferred from other jurisdictions, or cases removed from state court. *Montez v. FBI*, No. SA-23-CV-1494-JKP, 2023 WL 8813565, at *1 (W.D. Tex. Dec. 20, 2023) ("Indeed, such a sanction also applies to actions that are transferred to this Court from another federal court. To find otherwise would defeat the purpose of the sanction."). Reyna is on notice of the extent of the pre-filing injunction. *See, e.g.*, *Reyna v. Walmart, Inc.*, No. 25-cv-2159, ECF No. 96 (W.D. Tex. Oct. 21, 2026).

### B. Eleventh Amendment Bar

Reyna alleges that in 2025, he made at least 13 requests under the Texas Public Information Act to several agencies and subdivisions and was denied information based on the fees associated with requesting such information. ECF No. 1 at 4–5. Among other claims, he alleges that this violates the First and Fifth Amendments, Title II of the Americans with Disabilities Act, and the Administrative Procedure Act. *Id.* at 7–9. Reyna sued the Attorney General of Texas in his official capacity because he is "the final enforcement authority for [Texas Public Information Act] compliance." *Id.* at 3.

Ratified in 1795, the Eleventh Amendment to the U.S. Constitution reads as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST., amend. XI. Only a suit seeking prospective injunctive relief against a state actor in his official capacity based on an alleged *ongoing* violation of the federal constitution is not barred by the Eleventh Amendment. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). Here, Reyna alleges that the past denial of cost waivers creates an ongoing violation of federal law. TEX. GOV'T Code § 552.267 (permitting cost waivers if "providing the copy of the information primarily benefits the general public" or if the cost of collecting a charge will exceed the charge). This is not an ongoing violation. His claims are thus barred by the Eleventh Amendment.

The Court accordingly concludes, for the reasons stated in the Magistrate Judge's report and recommendation, that Reyna's claims are barred by the Eleventh Amendment to the U.S. Constitution. And no claim falls under the *Ex parte Young* exception to sovereign immunity. 209 U.S. 123 (1908).

* * *

Because Reyna's claims lack merit, Reyna's motion for leave to file notwithstanding his barred filer status is denied.

## CONCLUSION

The Court adopts the report and analysis of the United States Magistrate Judge and orders as follows:

**1.** Reyna's motion for leave to file pursuant to pre-filing injunction, ECF No. 5, is DENIED.

2. Reyna's motion for leave to proceed *in forma pauperis* and motion for service, ECF No. 2, is DENIED as moot.

3. This case shall be administratively closed.

*So ordered by the Court on October 29, 2026.*

ANDREW DAVIS
United States District Judge